IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| FRANCISCO REYES VEJARANO, | Case No. 93-03764 (SEK) |
| Debtor | Chapter 7 |
| KENNETH A. WELT, TRUSTEE, | |
| Plaintiff | |
| v. | Adv. No. 95-0091 |
| RAFAEL JUAREZ, | FILED & ENTERED |
| Defendant | MAR 1 3 1998 |
| | CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO |

### DECISION AND ORDER

The disposition of real property located at 59 Marbella Street, Santurce, Puerto Rico was referred to this Court. The first time that the trustee filed a notice of intent to sell this property was on March 20, 1996 (legal dkt. #174). Beginning in April of 1996, the debtor has repeatedly objected to the sale of the property. (See legal dkts. #182, #197, #214, #230). On May 1, 1997, the Court issued a decision and order requiring the debtor to show cause as to why he had standing to object to the sale of the property (legal dkt. #247). The debtor filed an answer on May 14, 1997 (legal dkt. #254). The Court issued another decision and order on June 6, 1997, overruling the debtor's objections to the sale of the property and granting the trustee's motion for sale of the property free and clear of liens (legal dkt. #260). On June 30, 1997, the debtor filed a motion for reconsideration (legal dkt.

1

#268). This motion was denied on July 16, 1997.

The Court approved the trustee's pro forma closing statement (legal dkt. #281) and issued a writ of execution to the Registrar of Property to cancel liens on the Marbella Street Property (legal dkt. #285). The Court authorized payment to First Financial Caribbean Corporation on December 2, 1997 (legal dkt. #294). On January 28, 1998, the debtor filed a motion for reconsideration of any order issued by the Court between September 23, 1997 and December 11, 1997, arguing that he had been in transit and unable to respond to any orders of the Court (legal dkt. #317).

To the extent that the debtor is seeking reconsideration of any order affecting the Marbella Street Property, the debtor's request is denied. The debtor's objections to the sale were overruled in June. The sale was approved pursuant to the same order and the debtor's subsequent motion for reconsideration was denied. The property has since been sold. The closing statement was approved. The liens were canceled.

In Adversary No. 96-0091, the trustee and defendant Rafael Juárez filed a settlement stipulation on November 21, 1996, related to bearer mortgage notes held by Juárez on the Marbella Street Property (adv. dkt. #14). Judge de Jesús approved the settlement stipulation and judgment was entered accordingly on March 31, 1997 (adv. dkt. #18). The debtor filed a motion to vacate the judgment on April 17, 1997. Judge de Jesús scheduled a hearing on the debtor's motion and other matters pending. At the hearing, held on May 28, 1997, Judge de Jesús granted the trustee twenty days to

state his position. Judge de Jesús also directed the Clerk to obtain a copy of the transcript of the hearing and to refer the transcript and the trustee's reply to this Court. The trustee never replied and the transcript and the debtor's motion were only recently received in this Court's chambers.

The Court concludes that the debtor's motion to vacate judgment is without merit. In the motion, the debtor argued that the settlement stipulation was untimely since the debtor had filed a motion to vacate the Chapter 7 proceedings. As the debtor's motion to vacate the Chapter 7 proceedings was denied, the Court concludes that the debtor has not stated a legal basis for relief from judgment. Moreover, the debtor's motion was untimely pursuant to Fed.R.Civ.P. 59, made applicable by Fed.R.Bankr.P. 7059. Further, as this Court previously concluded that the debtor lacked standing to object to the sale of the property, the debtor also lacks standing to object to the settlement agreement between the trustee and Juárez. Accordingly, the Court denies the debtor's motion to vacate judgment.

## ORDER

WHEREFORE IT IS ORDERED that the debtor's motion for reconsideration (legal dkt. #317) is denied to the extent that he requests reconsideration of any order affecting the Marbella Street Property.

IT IS FURTHER ORDERED that the debtor's motion to vacate judgment in Adv. No. 95-0091 (adv. dkt. #19 is DENIED. When this order is final, the Clerk shall close Adv. No. 95-0091.

The Clerk shall enter this order in both the legal case and in the adversary. The Clerk shall provide notice of this order to all parties in interest.

SO ORDERED.

San Juan, Puerto Rico this 11 day of March, 1998.

Gerardo A. Carlo
U.S. Bankruptcy Judge

cc: debtor
UST
Kenneth Welt
Felix Montañez
R. Juarez
Jorge L. Ruiz

DORIS RIOS
DEPUTY CLERK

MAR 13 1998

4